# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|

| Title | Castro v. Maxim Healthcare Services Inc. |
|---|---|

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Chris Silva for Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER REMANDING THE ACTION [9] (IN CHAMBERS)**

The matter is before the Court on Plaintiffs Teresa Castro ("Castro") and Belinda Allen's ("Allen") (collectively, "Plaintiffs") motion to remand. (Docket No. 9.) The Court deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The Court has carefully considered the motion, opposition, reply, sur-reply, and supporting papers. For the reasons set forth below, the Court **GRANTS** the motion and **REMANDS** the action to the **LOS ANGELES COUNTY SUPERIOR COURT.**

## I. FACTUAL BACKGROUND

On January 6, 2009, Castro commenced this action in the Los Angeles County Superior Court. (Notice of Removal, Ex. 1.) Castro brought the lawsuit on her behalf and on behalf of a putative class, which was comprised of six sub-classes of care givers. (Compl. ¶ 7.) The original complaint asserted various causes of action predicated on California wage and hour laws.

On March 6, 2009, before serving the complaint to Defendant Maxim Healthcare Services, Inc. ("Defendant"), Castro filed the First Amended Complaint ("FAC") to add a claim for failure to reimburse expenses.[1] (Notice of Removal, Ex. 2.) The FAC's putative class was comprised of seven sub-classes of care givers. (FAC ¶ 7.)

---

[1] Defendant is erroneously sued as Maxim Home Health Care Services, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |

Thereafter, on January 29, 2010, in the course of discovery, Defendant, through its then counsel, Ford & Harrison, provided a third-party administrator, CPT Group, Inc. ("CPT"), with the contact information of 14,625 potential class members based on the FAC's allegations. (Mot. at 1; Zarate Decl. Supp. Mot. to Remand ¶ 4, Ex. A at 4-7, 9.)

On July 8, 2010, Castro filed the Second Amended Complaint ("SAC"), which added claims for improper deductions, out of state check violations, and statutory penalties. (Notice of Removal, Ex. 5.) The SAC also added Allen as a named plaintiff and increased the size of the putative class by broadening the scope of potential class members. The putative class now included both (1) care givers ("Care Giver Class"), who were already accounted for as potential class members in the prior complaints, and (2) the class Allen seeks to represent: "All individuals employed by Defendant[] in California as Registered Nurses, LVNs, Case Managers, Home Care Nurses, Home Health Aides, Care Givers and/or other similarly situated positions at any time since four years prior to the filing of this complaint" ("Allen Class"). (SAC ¶ 8.a.) It is apparent from the face of the SAC that the first cause of action, which is based on Defendant's alleged failure to provide meal and rest periods, was brought "on behalf of the Care Giver Class Only." (SAC at 8:8.) Likewise, it is apparent from the face of the SAC that the remaining causes of action are brought on behalf of "all classes," i.e., both the Care Giver Class *and* the Allen Class. (*See e.g.,* SAC at 9:8.)

On February 18, 2011, Defendant, through its new counsel, Morgan Lewis & Bockius ("Morgan Lewis"), purportedly sought "to clarify" the alleged members in each of the various subclasses contained in the SAC.[2] (White Decl. Supp. Notice of Removal, Ex. 8; docket no. 6.)

On March 3, 2011, Plaintiffs' counsel apprised Defendant's counsel through an email correspondence (hereinafter, "March 3, 2011 Email") that the first cause of action in the SAC is brought "on behalf of the Caregiver [sic] Class only." (*Id.*, Ex. 10.) This information is consistent with the allegations in the SAC with regard to the first cause of action. (*See* SAC at 8:8.) This email also apprised Defendant that the remaining causes of action were brought on behalf of *both* the Care Giver Class *and* the Allen Class. (*Id.*)

---

[2] It is unclear from the record when Morgan Lewis replaced Ford & Harrison as counsel for Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |

Again, this statement is consistent with the Plaintiffs' representation in the SAC that the remaining causes of action are brought "on behalf of all classes." (*See e.g.*, SAC at 9:8.)

In another email, dated March 7, 2011 (hereinafter, "March 7, 2011 Email"), Plaintiffs' counsel stated that the Allen Class includes "RNs, LVNs, and Case Managers" from the "Homecare Service area" and nurses in the Wellness Division who "staff various immunization and screening clinics, such as flu clinics." (White Decl. Supp. Notice of Removal, Ex. 11.) Again, this information is consistent with the allegation in the SAC that the class Allen seeks to represent includes "[a]ll individuals employed by Defendant[] in California as Registered Nurses, LVNs, Case Managers, Home Care Nurses, Home Health Aides, Care Givers and/or other similarly situated positions at any time since four years prior to the filing of this complaint." (SAC ¶ 8.a.)

On April 4, 2011, more than two years after Plaintiffs filed the initial complaint in state court, Defendant removed the action on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Docket No. 1.) Defendant asserts that the removal was based on the: (1) March 3, 2011 Email, which purportedly informed Defendant "for the first time" that "every cause of action, except for the first cause of action, was being brought on behalf of all the classes added by Allen" (Notice of Removal ¶ 17); and (2) the March 7, 2011 Email, which purportedly "provided the first information from which it could be ascertained that the amount in controversy exceeded the jurisdictional minimum and was thus removable."[3] (*Id.* ¶ 18.) Defendant asserts that removal was timely because it was filed within thirty days of March 3, 2011, the date Defendant allegedly first ascertained the removability of the action. (*Id.* ¶ 20.)

In response, Plaintiffs filed the instant motion on the ground that the removal was untimely. (Docket No. 9.)

## II. DISCUSSION

---

[3] The emails sent on March 3 and March 7, 2011 are collectively referred to as "March 2011 Emails."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |

There is a strong presumption against removal jurisdiction, which means that the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, if removability cannot be ascertained from the original complaint, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added). The Ninth Circuit instructs:

> The notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The "other paper" that may trigger removal includes documents disclosed in discovery. *Lovern v. Gen. Motors. Corp.*, 121 F.3d 160, 163 (4th Cir. 1997) (holding interrogatory responses satisfy the "other paper" requirement). The strong presumption against removal jurisdiction necessarily means that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

To satisfy the jurisdictional requirements of CAFA, the amount in controversy must be greater than $5,000,000. 28 U.S.C. § 1332(d)(2). "[W]hen the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |

In its Notice of Removal, Defendant contends that removal is timely because the March 2011 Emails disclosed for the first time that the matter is removable. (Notice of Removal ¶¶ 17-18.) Emails may be deemed "other paper[s]" within the meaning of § 1446(b). Indeed, documents exchanged in the case by the parties may serve as the basis for evaluating when a defendant received notice of grounds for removal. *Lovern*, 121 F.3d at 162. However, the March 2011 Emails did not contain any *new* information.

Defendant asserts that it ascertained for the first time that the action is removable because the March 3, 2011 Email "unequivocally asserted that every cause of action, except for the first cause of action, was being brought on behalf of" all the classes, i.e, the Care Giver Class and the Allen Class. (Notice of Removal ¶ 17.) This information is not new– an identical allegation can be found on the face of the SAC. (*See* SAC at 8:8 (stating that the first cause of action is brought "on behalf of the Care Giver Class only"); *and* 9:8 (stating that the second cause of action is brought "on behalf of all Classes").)

Likewise, Defendant claims that it was able to ascertain for the first time that the amount in controversy exceeded the jurisdictional requirement because the March 7, 2011 Email informed Defendant that: (1) "the waiting time penalty claim was being brought on behalf of" all the classes and (2) the Allen Class includes RNs, LVNs, and Case Managers from the Homecare Service area and nurses in the Wellness Division, who staff various immunization and screening clinics. (Notice of Removal ¶ 18.) According to Defendant, this information allowed it "to ascertain the number of class members included in Plaintiffs' third cause of action for waiting time penalties and to estimate the amount in controversy on that claim based on the applicable California minimum wage at the time." (Opp'n at 12.) Again this purported "new" information is not news at all as the SAC unequivocally alleged that the third cause of action is brought "on behalf of all Classes" (SAC ¶¶ 20-23) and the scope of the Allen Class was clearly defined to include, *inter alia*, RNs, LVNs, Case Managers, and nurses (*id.* ¶ 8.a.)[4]

---

[4] Defendant's argument that CAFA's amount in controversy requirement has been met is based on the following calculation with regard to the third cause of action for waiting time penalties: $8 hourly rate x 8 hours/day x 30 days x 6,963 employees during the relevant class period = $13,368,960. (Notice of Removal ¶ 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |

Defendant's position that the information contained in the March 2011 Emails allows it to ascertain removability necessarily means that removal is untimely, since the critical information that makes the matter removable was contained in the SAC. Thus, the Court finds that the 30-day clock for removal was triggered upon Defendant's receipt of the SAC.

Although Defendant insists that neither the SAC nor the previous pleadings provide a basis for Defendant to determine the number or identity of any members of the subclasses (Opp'n at 9), this contention is disingenuous. As stated, a side by side comparison of the four corners of the SAC and the March 2011 Emails reveals that the information contained in the March 2011 Emails upon which Defendant relies to remove the case was disclosed in the SAC. The SAC was served upon the Defendant through its former counsel, Ford & Harrison, on July 8, 2010. Therefore, the removal of this action nine months later on April 4, 2011 is well past the 30-day window provided by § 1446(b).

## IV. CONCLUSION

The filing of the Notice of Removal is untimely. For this reason[5], the Court remands this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CSI |

---

[5] Defendant also argues that removal should be denied on the alternative ground that Plaintiffs failed to comply with the pre-filing requirements of Local Rule 7-3. (Opp'n 6-7.) However, Defendant was not prejudiced by this noncompliance, and the Court has discretion to excuse such noncompliance where it is "so slight and unimportant that the sensible treatment is to overlook [it]." *Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Having considered this issue, the Court will not deny Plaintiffs' motion for remand on this basis.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02839-JHN-FFM | Date | June 20, 2011 |
|---|---|---|---|
| Title | Castro v. Maxim Healthcare Services Inc. | | |